UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES E. MCCLAIN II, CHRISTOPHER ALLEN JOHNSON, DANIEL LANGLEY, JOSEPH R. HEIPLE, WALTER SMITH, WILLIE SHERWOOD, CHRIS BINGHAM, JAMES CHESTER NEWELL, MANFORD W. MEADOWS, JR., BRADLEY RUSSELL, and IVAN ENRIQUE MELIAN,<br><br>    Plaintiffs,<br><br>v.<br><br>TIM GUIDER, CAPTAIN KEENER, CORPORAL MARTIN, INVESTIGATOR KENTNER, CODY FRITZ, and CORPORAL CATHY,<br><br>    Defendants. | No. 3:20-CV-00328-JRG-DCP |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, all of whom are confined in the Loudon County Jail, have jointly filed a pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 2]. On July 29, 2020, the Court entered an order noting that while Plaintiff McClain had filed an application for leave to proceed *in forma pauperis*, he had not filed a certified copy of his inmate account as the Prison Litigation Reform Act ("PLRA") requires, and no other Plaintiff had paid the filing fee or filed any of the required documents to proceed *in forma pauperis* [Doc. 4]. The Court therefore provided Plaintiffs thirty days from the date of entry of the Court's order to pay the filing fee or file the required documents [*Id.*].

Plaintiffs McClain, Melian, Newell, Russell, and Langley complied with that order [Docs. 5, 7, 8, 9, 12]. But the United States Postal Service returned the Clerk's mail to Plaintiffs Sherwood

and Meadows containing that order as undeliverable [Docs. 10, 11]. The remaining Plaintiffs have not complied with the Court's order, and their time for doing so has passed.

Regardless, for the reasons set forth below, this matter will proceed with James McClain as the only Plaintiff. Plaintiff McClain's motion for leave to proceed *in forma pauperis* [Doc. 1], which is now supported by his inmate trust account certificate [Doc. 7], will be **GRANTED**, and he will have thirty days from the date of entry of this order to file an amended complaint.

## I. JOINDER

As noted above, multiple prisoners from the Loudon County Jail jointly filed the complaint herein [Doc. 2 at 1, 3–5, 7]. Rule 20(a)(1) of the Federal Rules of Civil Procedure allows permissive joinder of plaintiffs in one action if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20(a)(1). However, while joinder of plaintiffs is "strongly encouraged" for purposes of judicial economy and fairness where appropriate, *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966), significant practical problems arise when multiple prisoners file one complaint, *see*, *e.g.*, *McLaurin v. Bagley*, No. 2:17-CV-11263, 2017 WL 1738031, at *5 (E.D. Mich. May 4, 2017) (noting that there are "'pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder'" even when Rule 20(a) permits it, including the "'need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated,'" as well as the fact that prisoner litigants are "notably transitory" (citations omitted)).

Several difficulties resulting from the fact that multiple prisoners jointly filed the complaint herein have arisen already in this case. Specifically, as set forth above, the United States Postal

2

Case 3:20-cv-00328-JRG-DCP   Document 13   Filed 10/09/20   Page 2 of 7   PageID #: 52

Service returned the Clerk's mail to two Plaintiffs containing the Court's initial order as undeliverable, likely due to those prisoners moving from the Loudon County Jail, and a number of Plaintiffs did not respond to the Court's initial order at all despite having signed the complaint. Further, while Plaintiffs seek to challenge a number of alleged conditions and/or deprivations during their confinement [Doc. 2 at 6], it is unclear whether or to what extent those conditions or deprivations have affected each Plaintiff. For example, Plaintiffs assert a claim that the jail does not have adequate mental health resources [*id.*] but provide no details about which Plaintiffs, if any, have a need for such resources, or the extent or severity of any such need.

Accordingly, this action will proceed with only James McClain as a Plaintiff, as he was the first to file a motion for leave to proceed *in forma pauperis* herein, and the Clerk will be **DIRECTED** to terminate all other Plaintiffs from this action and to send a § 1983 complaint form, a form application for leave to proceed *in forma pauperis*, and an inmate trust account certificate form to the other prisoners who responded to the Court's initial order, specifically Ivan Melian, James Newell, Bradley Russell, and Daniel Langley.

## II. FILING FEE

It appears from Plaintiff McClain's motion for leave to proceed *in forma pauperis* [Doc. 1] and his inmate trust account certificate [Doc. 7] that he is unable to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 1] will be **GRANTED**.

Because Plaintiff McClain is an inmate of the Loudon County Jail, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff McClain's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff McClain's inmate trust account or (b) twenty

percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A), (B). Thereafter, the custodian of Plaintiff McClain's inmate trust account shall submit twenty percent (20%) of Plaintiff McClain's preceding monthly income (or income credited to Plaintiff McClain's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff McClain is now confined and the Court's financial deputy. This order shall be placed in Plaintiff McClain's prison file and follow him if he is transferred to another correctional institution.

### III. SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B), 1915(A). The dismissal standard articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

4

## IV. COMPLAINT'S ALLEGATIONS

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him of a federal right. 42 U.S.C. § 1983. The complaint alleges the following claims:

(1) Inmates do not get any personal protective equipment against COVID 19 despite an outbreak among the inmates;

(2) The jail showers, sinks, and plumbing do not provide adequate water for inmates, and the F Block shower drips water and has one sink for twenty or more inmates;

(3) Inmates do not have a legal library despite being charged legal library fees;

(4) Inmate housing has black mold that causes breathing issues for inmates;

(5) The jail has poor air quality;

(6) The jail has rusted tables, doors, and beds that pose a hazard to inmate safety;

(7) Inmates do not receive equal opportunities for inmate and educational programs;

(8) The jail does not have adequate mental health resources; and

(9) The jail is unsanitary and does not meet code requirements for housing inmates.

[Doc. 2 at 6]. As relief for these claims, the complaint seeks inspection of the jail, protection of the inmates, and an order for the jail to provide adequate treatment and housing for inmates, a legal library, and COVID 19 testing, or to close the jail [*Id.* at 7].

## V. ANALYSIS

As noted above, while the complaint generally alleges a number of conditions of confinement and/or deprivations in the Loudon County Jail, it is unclear whether and/or to what extent those conditions of confinement have affected Plaintiff McClain. Further, while the complaint names a number of jail officials as Defendants, it does not set forth any facts from which the Court can plausibly infer that these Defendants are personally involved in the alleged

5

deprivations or responsible for the alleged conditions in the jail such that they can be liable for them under § 1983. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (providing that § 1983 liability cannot be premised upon a theory of respondeat superior); *see also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's grievance and a failure to respond to or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983);

Nevertheless, the Court will allow Plaintiff McClain thirty (30) days from the date of entry of this order to file an amended complaint with a short and plain statement of facts setting forth each alleged violation of his constitutional rights and the individual(s) and/or entity(ies) responsible for each violation.[1]  *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

## VI.    CONCLUSION

For the reasons set forth above:

1. The Clerk is **DIRECTED** to terminate all Plaintiffs except James McClain from this action;

2. The Clerk is **DIRECTED** to send a § 1983 complaint form, a form application for leave to proceed *in forma pauperis*, and an inmate trust account certificate form to former Plaintiffs Ivan Melian, James Newell, Bradley Russell, and Daniel Langley;

3. Plaintiff McClain's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

4. Plaintiff McClain is **ASSESSED** the civil filing fee of $350.00;

5. The custodian of Plaintiff McClain's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

---

[1] Plaintiff is **NOTIFIED** that the Court may only address the merits of claims that relate back to Plaintiff's original complaint under Rule 15 of the Federal Rules of Civil Procedure.  Accordingly, Plaintiff **SHALL NOT** attempt to set forth any claims in this amended complaint that were not set forth in her original complaint or do not otherwise relate back under Rule 15, as any such claims may be **DISMISSED**.

6

6. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff McClain is now confined and the Court's financial deputy;

7. The Clerk is **DIRECTED** to send Plaintiff McClain a form § 1983 complaint;

8. Plaintiff McClain has thirty (30) days from the date of entry of this order to file an amended complaint in the manner set forth above;

9. Plaintiff McClain is **NOTIFIED** that any amended complaint he files will completely replace the previous complaint;

10. Plaintiff McClain is also **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and failure to follow the orders of this Court; and

11. Plaintiff McClain is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

So ordered.

ENTER:

                                                                    s/J. RONNIE GREER
                                                UNITED STATES DISTRICT JUDGE